Argued March 2, affirmed April 13, 1926.

## STATE FOR USE OF LANG & CO. *v.* WARREN CONSTRUCTION CO. ET AL.

(244 Pac. 870.)

**Appeal and Error—Findings of Fact in Action at Law, Heard by Court Without Jury by Agreement of Parties, Will not be Disturbed, Where There is Evidence to Sustain Them (§ 159, Or. L.).**

Findings of fact in action at law, heard by court without jury by agreement of parties, will not be disturbed where there is evidence to sustain them, in view of Section 159, Or. L.

---

Appeal and Error, 4 C. J., p. 876, n. 78, p. 879, n. 89. Bonds, 9 C. J., p. 87, n. 74.

From Multnomah: JAMES W. HAMILTON, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Wm. B. Layton* and *Mr. N. Ray Alber.*

---

See 2 R. C. L. 204.

For respondents there was a brief and oral arguments by *Mr. J. J. Fitzgerald* and *Mr. John F. Logan.*

BURNETT, J.—We learn from the complaint that Lang & Company, the Warren Construction Company and the United States Fidelity & Guaranty Company are corporations, the first two organized under the laws of Oregon and the latter under the laws of Maryland but authorized to transact business in Oregon. R. L. Ross is an individual doing business in the State of Oregon under the assumed name of Oregon Commissary Company.

The Warren Construction Company, on April 6, 1921, contracted with the state, through the State Highway Commission, to construct a portion of the Pacific Highway in Douglas County, agreeing to furnish all material and labor necessary for the construction and promptly to pay for labor and material to all persons supplying the same for the prosecution of the work provided for in the contract. In connection with the undertaking the Construction Company, with the United States Fidelity & Guaranty Company as surety, executed a bond conditioned for the faithful performance of the work to

"pay all laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such laborers, mechanics or subcontractors with material, supplies or provisions for carrying on such work."

In addition to what has already been stated as to the substance of the complaint, that pleading contains the following allegations:

"That said R. L. Ross, pursuant to authority and direction from said Warren Construction Company, purchased material, supplies and provisions for carrying on such work, and did supply the same to la-

borers, mechanics and subcontractors engaged in carrying on said work.

"That in reliance on the obligations of said contract and bond, and the protection given it, and at the special instance and request of said Ross, acting for said Warren Construction Company, said Lang & Co. sold and delivered groceries to said Ross for use in boarding laborers, mechanics and subcontractors employed by said Warren Construction Company in the prosecution and performance of said work, at the agreed price and of the reasonable value of $705.79, a stated acount whereof being hereto attached, marked 'Exhibit B' and by reference made part and portion of this complaint, the same as if fully set out herein, and which said groceries and all of them were so used by said Warren Construction Company, and although payment of said sum of $705.79 was often demanded, the said Warren Construction Company and other defendants herein have failed, neglected and refused to pay said sum or any portion thereof, and the whole thereof is now past due and owing to said Lang & Co."

There are allegations about giving notice to the Secretary of State for the use of plaintiff's claim and the securing of a copy of the contract and bond, but they are not material for the purposes of this decision. A general demurrer to the complaint was overruled, whereupon an answer was filed denying all the allegations of the complaint except the corporate character of the Warren Construction Company and the United States Fidelity & Guaranty Company. By agreement of the parties the case was heard before the trial judge without the intervention of a jury. After hearing the testimony the trial judge made findings of fact substantially in accordance with the complaint except as to the part hereinbefore quoted. The findings of fact declared the allegations in the quoted excerpt from the complaint to be

untrue, except that the Construction Company and the other defendants have failed, neglected and refused to pay the demanded sum of $705.79, and there was a general finding of fact,

"That all of the allegations of said Complaint in conflict with these Findings are found not to be true."

The conclusion of law as determined by the court was:

"That the plaintiff do not recover from the defendants Warren Construction Company and U. S. Fidelity & Guaranty Company of Maryland, or either of them, but that these defendants have judgment against the plaintiff for their costs and disbursements to be taxed."

Dissatisfied with the judgment for the defendants rendered upon the findings of fact and conclusions of law, the plaintiff has appealed.

Section 159, Or. L., reads in part as follows:

" * * The finding of the court upon the facts shall be deemed a verdict and may be set aside in the same manner and for the same reasons, as far as applicable, and a new trial granted."

The complaint seems to be framed upon the theory that Ross was the agent of the Construction Company, that at its direction he purchased the supplies and provisions for carrying on the work involved in the contract with the State through the State Highway Commission, and that the groceries named in the complaint were used by the Construction Company. The complaint savors strongly of a charge of direct liability against the Construction Company, but the evidence utterly fails to prove that Ross was acting for the Construction Company in any way in any relation with the plaintiff Lang & Company. There are no assignments of error on the

part of the plaintiff based upon acceptance or refusal of evidence or upon any ruling of the trial court during the progress of the trial.

This is an action at law. We cannot hear it anew on the pleadings and evidence adduced in the Circuit Court and reach a conclusion on the facts different from that found by the trial court. The trier of the fact, officiating at the hearing by agreement of the parties, has found a verdict against the plaintiff, and we cannot disturb that verdict because we cannot say, from an inspection of the record, that there is no evidence to sustain it. For this reason the judgment must be affirmed.          AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.